**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENISE GALLO, | No. 10-15851 |
| Plaintiff - Appellant, | DC No. 3:07 cv-01561 MEJ |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted July 21, 2011[**]
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Denise Gallo appeals from the district court's judgment affirming the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Gallo contends that the ALJ erroneously rejected three categories of evidence when determining her exertional limitations: (1) Gallo's testimony concerning such severe symptoms as intermittent, excruciating pain in her back and an inability to walk for more than ten minutes; (2) corroborating lay witness statements by Gallo's son; and (3) two physician reports.

We conclude that the ALJ properly rejected each category of evidence. Gallo's testimony about the severity of her symptoms conflicted with the objective medical evidence – her physicians recommended only conservative treatment because they found that she suffered only "mild degenerative changes"– and also with her own statements about her college course work and the extent of her other daily activities. This contradictory evidence adequately supports the ALJ's decision to discount Gallo's testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The evidence of daily activities also conflicts with, and supports the ALJ's partial rejection of, the lay witness

2

statements.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The two physician reports on which Gallo relies do not conflict in any material way with the ALJ's assessment of Gallo's Residual Functional Capacity ("RFC").  The first, an October 2005 report by Dr. Lee, states that Gallo's "[f]orward [neck] flexion is limited secondary to discomfort" and also that her neck "[e]xtension is limited secondary to discomfort."  Although Gallo would read this language to preclude even partial tilting or extension of the neck, the ALJ's inference that it, instead, precludes only "full flexion," along with neck rotation greater than 45 degrees, is reasonable.  *See Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir 2008) (holding that the court may not disturb an ALJ's inferences that flow logically from the evidence and are not "unreasonable").  The second report, an April 2005 physical examination by the Disability Determination Services, notes that Gallo's ability to reach overhead is "limited to occasional." The very same report, however, found Gallo capable of performing "light" work. In contrast, the ALJ concluded that Gallo was limited to "sedentary" work.  We find no prejudicial error in the ALJ's failure to impose an overhead reaching limitation that, according to the very report on which Gallo relies, would not even have prevented her from doing work more strenuous than the sedentary work

3

contemplated in the RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[T]o the extent the ALJ's RFC finding erroneously omitted [certain] postural limitations (only occasional balancing, stooping, and climbing of ramps and stairs), any error was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or climbing."). We note that Gallo offers no argument that an "overhead reaching" limitation would have disqualified her from the jobs the ALJ ultimately found she could perform.

2.     We reject Gallo's contention that the ALJ ignored her mental limitations. The RFC properly accounts for those limitations by precluding work involving "detailed instructions" and stating that Gallo's "ability to maintain concentration is in the low average range." Though some of the psychological evidence suggested Gallo suffered more severe limitations, such as an inability to complete a normal workweek or to perform anything beyond "simple 1 + 2 step tasks," the ALJ properly rejected that evidence in favor of Dr. Kastl's report, which was most consistent with Gallo's ability to complete 12 college credits with a 4.0 grade point average. *See, e.g., Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

3.     We also reject Gallo's challenges to the vocational expert's ("VE") testimony upon which the ALJ relied at Step 5. Although the description in the

4

Dictionary of Occupational Titles ("DOT") of the "Addresser" job contains a seemingly antiquated reference to typewriters, the ALJ was nonetheless entitled to rely on the VE's testimony that the Addresser job exists in significant numbers in the national economy. *See, e.g., Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006); *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). VE testimony may become unreliable on account of a conflict with the DOT, *see Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007), but not on account of its compliance with the DOT. *See Carmickle*, 533 F.3d at 1166 ("The DOT is the best source for how a job is generally performed." (internal quotation marks omitted)).

Because the ALJ satisfied his burden at Step 5 by relying on the VE's testimony about the Addresser job, any error that the ALJ may have committed by relying on the testimony about the "credit checker" job was harmless. *See id*. at 1162.

**AFFIRMED.**